ams/iw

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

VEHICLE MARKET RESEARCH, INC., )
)
        Plaintiff, )
v. )
) Case No. 09-2518-JAR
)
MITCHELL INTERNATIONAL, INC., )
)
        Defendant. )
)

## MEMORANDUM AND ORDER

Before the Court is defendant Mitchell International, Inc.'s Motion to Dismiss Plaintiff's Claims for Attorneys' Fees in Counts I, II, III, IV, and V of the Complaint (Doc. 6). The motion argues that there is no legal basis that would allow for plaintiff to recover attorneys' fees on its claims under California law. The motion is fully briefed and the Court is prepared to rule. As described more fully below, the Court grants defendant's motion.

**I.    Standard**

A court may dismiss a complaint for "failure to state a claim upon which relief can be granted."[1] To survive a motion to dismiss, a complaint must present factual allegations, assumed to be true, that "raise a right to relief above the speculative level" and must contain "enough facts to state a claim to relief that is plausible on its face."[2] Under this standard, "the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims."[3] The plausibility standard does not require a showing of probability

---

[1] Fed. R. Civ. P. 12(b)(6).

[2] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007).

[3] *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (emphasis in the original).

that "a defendant has acted unlawfully,"[4] but requires more than "a sheer possibility."[5]

The plausibility standard enunciated in *Bell Atlantic Corp. v. Twombly* seeks a middle ground between heightened fact pleading and "allowing complaints that are no more than 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,' which the Court stated 'will not do.'"[6] *Twombly* does not change other principles, such as that a court must accept all factual allegations as true and may not dismiss on the ground that it appears unlikely the allegations can be proven.[7]

The Supreme Court has explained the analysis as a two-step process. For the purposes of a motion to dismiss, the court "must take all the factual allegations in the complaint as true, [but] we 'are not bound to accept as true a legal conclusion couched as a factual allegation.'"[8] Thus, the court must first determine if the allegations are factual and entitled to an assumption of truth, or merely legal conclusions that are not entitled to an assumption of truth.[9] Second, the court must determine whether the factual allegations, when assumed true, "plausibly give rise to an entitlement to relief."[10] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the

---

[4]*Ashcroft v. Iqbal*, – U.S. –, 129 S. Ct. 1937, 1949 (2009).

[5]*Id.*

[6]*Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (quoting *Twombly*, 550 U.S. at 555).

[7]*Id.* (citing *Twombly*, 550 U.S. at 556).

[8]*Iqbal*, – U.S. –, 129 S. Ct. at 1949-50.

[9]*Id.* at 1950.

[10]*Id.*

misconduct alleged."[11]

If the court on a Rule 12(b)(6) motion looks to matters outside the complaint, the court generally must convert the motion to a Rule 56 motion for summary judgment. However, the court may consider documents which are referred to in the complaint.[12]

## II.    Background

The following facts are alleged in plaintiff's Complaint and the Court draws all reasonable factual inferences in plaintiff's favor. Plaintiff, Vehicle Market Research Inc., and defendant entered into a Computer Programming and System Integration Services Agreement ("Agreement") in March 1998. Under the terms of the Agreement, plaintiff agreed to design and develop a product called TLSS and defendant was granted an interest in the product. Defendant was obligated to pay plaintiff royalty payments based on a royalty rate schedule. The Agreement included an express choice-of-law provision: "the laws of the State of California . . . shall govern this Agreement and the transactions contemplated hereunder."[13]

Defendant began marketing the TLSS system in May 2001, and continued to pay royalties to plaintiff on a monthly basis until 2005, when the royalty payments stopped. In 2005, defendant began marketing the TLSS system under a different name. Plaintiff's Complaint alleges the following claims for relief under California law: breach of contract, breach of the duty of good faith and fair dealing, unjust enrichment, accounting, and declaratory judgment on royalty obligations. Each of the five counts includes a prayer for attorneys' fees.

---

[11]*Id.* at 1949.

[12]*See GFF Corp. v. Associated Wholesale Grocers,* 130 F.3d 1381, 1384-85 (10th Cir. 1997).

[13](Doc. 3, Ex. A at 7.)

3

**III. Discussion**

Defendant seeks dismissal of the claims for attorneys' fees on the ground that there is no contractual or statutory basis for such an award on these underlying claims for relief. Plaintiff concedes that there is no contractual or statutory basis for attorneys' fees under California law, but urges that the Court may use its equitable powers to award attorneys' fees and that it should not "tie its hands" by dismissing the claim for attorneys' fees at this early stage of the litigation.

The parties do not dispute that California law governs this issue. California follows the "American Rule," under which each party to a lawsuit must pay his own attorneys' fees, unless specifically authorized by statute or by contract.[14] The California Legislature has enacted several statutory exceptions to the American Rule,[15] and California courts have also carved out specific exceptions under their inherent equitable authority.[16] "'When a losing party has acted 'in bad faith, vexatiously, wantonly, or for oppressive reasons,' sanctions under the court's inherent powers may take the form of attorney's fees."[17]

California law does not provide for recovery of attorneys' fees by statute for any of plaintiff's claims for relief. And, there is no allegation that any contractual agreement between the parties would provide for the recovery of attorneys' fees. Additionally, plaintiff has not alleged facts suggesting that any of the exceptions to the American rule apply to this case. While courts do have inherent equitable power to award attorneys' fees, the cases in which courts

---

[14]Cal. Civ. P. Code § 1021 (West 2007); *see Gray v. Don Miller & Assocs.*, 674 P.2d 253, 256 (Cal. 1984).

[15]*See Flannery v. Cal. Highway Patrol*, 71 Cal. Rptr. 2d 632, 634–35 (Cal. Ct. App. 1998).

[16]*See Trope v. Katz*, 45 Cal. Rptr. 2d 241, 244–45 (Cal. 1995); *Consumer Cause, Inc. v. Mrs. Gooch's Nat. Food Mkts., Inc.*, 25 Cal. Rptr. 3d 514, 515 (Cal. Ct. App. 2005).

[17]*Primus Auto. Fin. Servs., Inc. v. Batarse*, 115 F.3d 644, 648 (9th Cir. 1997) (quoting *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 258-59 (1975)).

exercise this power generally fit into an enumerated exception. The only exception plaintiff specifically mentions is the vexatious litigant, or "bad faith" exception. "[T]he narrow exceptions to the American Rule effectively limit a court's inherent power to impose attorney's fees as a sanction to cases in which a litigant has engaged in bad-faith conduct or willful disobedience of a court's orders."[18] Fees awarded under the bad faith exception are punitive in nature and are designed to punish the abuse of judicial process.[19]

Plaintiff does not allege any facts in the Complaint demonstrating that the bad faith exception to the American Rule applies. Additionally, plaintiff incorrectly assumes that if the claim for attorneys' fees is dismissed, the Court will be unable to exercise its inherent equitable powers at a later time in the lawsuit if bad faith or vexatious conduct arises. There is no authority for the proposition that the Court could only exercise its inherent powers and impose attorneys' fees as a sanction for bad faith conduct if it is pled in the Complaint. Moreover, Federal Rules of Civil Procedure provide courts with other mechanisms by which to award attorneys' fees as a sanction in Rules 11, 26(g), and 37, regardless of whether the plaintiff prays for such relief in the Complaint. Accordingly, plaintiff's claim for attorneys' fees in the Complaint must be dismissed.

**IT IS THEREFORE ORDERED BY THE COURT** that defendant's Motion to Dismiss Plaintiff's Claims for Attorneys' Fees in Counts I, II, III, IV, and V of the Complaint (Doc. 6) is **granted**.

Dated: August 30, 2010

                                               S/ Julie A. Robinson

---

[18]*Chambers v. NASCO, Inc.*, 501 U.S. 32, 47 (1991).

[19]*Id.* (quotations and citations omitted).

JULIE A. ROBINSON
UNITED STATES DISTRICT JUDGE