## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

|  |  |  |
|---|---|---|
| **VEHICLE MARKET RESEARCH, INC.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 09-2518-JAR** |
| | ) | |
| **MITCHELL INTERNATIONAL, INC.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## MEMORANDUM AND ORDER

At the close of Plaintiff Vehicle Market Research, Inc.'s ("VMR") case, and again at the close of all evidence, Defendant Mitchell International, Inc. ("Mitchell") moved for judgment as a matter of law pursuant to Fed. R. Civ. P. 50(a) orally and in writing (Docs. 210, 212).  At the close of all evidence, Plaintiff orally moved for judgment as a matter of law.  The Court took these motions under advisement and the jury ultimately returned a verdict in favor of Mitchell on both claims in this matter.  Accordingly, Mitchell's motions for judgment as a matter of law are moot.  As explained more fully below, the Court denies Plaintiff's motion for judgment as a matter of law pursuant to Rule 50(a) and orders the Clerk to enter judgment in this matter on the verdict.

Under Rule 50(a)(1), a court may grant judgment as a matter of law when "a party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue."  A moving party "is entitled to a judgment if the evidence points but one way and is susceptible to no

reasonable inferences which may support the opposing party's position."[1]  "The question is not whether there is literally no evidence supporting the nonmoving party but whether there is evidence upon which a jury could properly find for that party."[2]  This standard is particularly strict where the moving party bears the burden of proof at trial: "a directed verdict for the party having the burden of proof may be granted only where he has established his case by evidence that the jury would not be at liberty to disbelieve."[3]  In considering a motion for judgment as a matter of law, the court reviews all of the evidence in the record and construes it in the light most favorable to the nonmoving party.[4]  But the court must refrain from making credibility determinations and weighing the evidence.[5]  "The jury has the exclusive function of appraising credibility, determining the weight to be given to the testimony, drawing inferences from the facts established, resolving conflicts in the evidence, and reaching ultimate conclusions of fact."[6]

VMR argued that there was insufficient evidence at trial to support a defense verdict because Mitchell failed to refute certain evidence presented by VMR in support of its claims that Mitchell breached the contract and the duty of good faith and fair dealing by failing to pay VMR royalties under a 1998 software development agreement when Mitchell used VMR's preexisting

---

[1]*Deters v. Equifax Credit Info. Servs., Inc.*, 202 F.3d 1262, 1268 (10th Cir. 2000) (internal quotations and citations omitted).

[2]*Herrera v. Lufkin Indus., Inc.*, 474 F.3d 675, 685 (10th Cir. 2007).

[3]*Weese v. Schukman*, 98 F.3d 542, 547 (10th Cir. 1996) (quoting *Hurd v. Am. Hoist & Derrick Co.*, 734 F.2d 495, 499 (10th Cir. 1984)).

[4]*Tyler v. RE/MAX Mountain States, Inc.*, 232 F.3d 808, 812 (10th Cir. 2000) (citing *Reeves v. Sanderson Plumbing Prod., Inc.*, 530 U.S. 133 (2000); *Deters*, 202 F.3d at 1268).

[5]*Id.*

[6]*See United Int'l Holdings, Inc. v. Wharf (Holdings) Ltd.*, 210 F.3d 1207, 1227 (10th Cir. 2000) (internal quotations and citation omitted).

materials in creating its Work Center Total Loss product.  Of course, VMR carried the burden of proof on its claims for breach of contract and breach of the covenant of good faith and fair dealing.  Mitchell was not required to come forward with evidence, and there were no affirmative defenses asserted at trial.

Viewing the evidence in the light most favorable to Mitchell as the nonmoving party, a reasonable jury could have determined that there was no breach of contract or covenant of good faith and fair dealing based on the plain language of the contract, as well as evidence that (a) Mitchell did not intend for the contract to require royalty payments for the use of preexisting materials; (b) Mitchell did not desire to enhance or create a version of the prototype designed by VMR because that product had not been commercially successful; (c) Mitchell did not copy or rearchitecture the iNTOTAL source code; and (d) Mitchell did not use VMR's preexisting materials, including concepts, in creating its Work Center Total Loss product.  In sum, without determining the credibility of witnesses, the Court cannot find that the only reasonable conclusion that the jury could have reached in this case was in favor of VMR.  Thus, VMR's motion for judgment as a matter of law must be denied.

To the extent VMR incorporated by reference its summary judgment briefs, *in limine* motions, and jury instruction objections, the Court stands by its previous rulings on those issues.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's oral pre-verdict motion for judgment as a matter of law pursuant to Fed. R. Civ. P. 50(a) is **denied**.

**IT IS FURTHER ORDERED** that Defendant's oral and written motions for judgment as a matter of law (Docs. 210, 212) are hereby **moot** in light of the jury's verdict.

**The Clerk shall enter Judgment on the jury verdict.**

3

Dated: September 11, 2015

                               S/ Julie A. Robinson
                               JULIE A. ROBINSON
                               UNITED STATES DISTRICT JUDGE